UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GARY PETERSON; ROBIN PETERSON | CIVIL NO.:  _____ |
| Plaintiffs, | |
| v. | RE: COLLECTION OF MONIES, BREACH OF CONTRACT, AND DECLARATORY JUDGMENT. |
| LILLIAM LUGO VEGA; ESTHER JANET MORRISON | |
| Defendants. | |

## **COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Plaintiffs Gary Peterson and Robin Peterson. (collectively the "Petersons" or "Plaintiffs"), represented by the undersigned attorneys, and very respectfully state, allege and request:

## I.      NATURE OF THE ACTION

Defendants Lilliam Lugo Vega ("Ms. Lugo Vega") and Esther Janet Morrison ("Ms. Morrison" or, collectively with Ms. Lugo Vega, the "Defendants") are alter egos of PCH Dream Home, LLC ("PCH") and Rapid Media and Logistics, LLC ("Rapid Media"), two entities which, as per a certain Judgment entered on February 10, 2025, by the Hon. Mark. A. Young, judge for the Superior Court of the State of California, County of Los Angeles, in the matter captioned Gary Peteron, and Robin Peterson v. PCH Dream Home L.L.C. et al., Case No. 22SMCV00221 (the "California Action"), were ordered to pay the sum of $468,370.72 in damages to the Plaintiffs, subject to 10% per annum post-judgment interest under California law. On February 16, 2025, costs in the sum of $16,498.77 were added to the judgment with the filing of an Amended

Memorandum of Costs (collectively with the February 10, 2025 judgment, the "Judgment Award"). Through this action, Plaintiffs seek (1) declaratory judgment holding Ms. Lugo Vega and Ms. Morrison to be alter egos of PCH and Rapid Media, and thus jointly liable for the Judgment Award, and (2) to collect the Judgment Award from the Defendants.

## II.    THE PARTIES

1.      Plaintiffs Gary Peterson and Robin Peterson are natural persons and residents of California. Their residential address is 5665 Trancas Canyon Rd., Malibu, California 90265.

2.      Codefendant Lilliam Lugo Vega ("Ms. Lugo Vega") is a natural person and, upon information and belief, a resident of Puerto Rico and/or Florida. Ms. Lugo Vega's last known addresses are (1) 26 Calle Rafael D Milan, Sabana Grande, Puerto Rico 00637 and (2) 2461 SE 12th St., Pompano Beach, Florida 33062.

3.      Codefendant Esther Janet Morrison ("Ms. Morrison") is a natural person and, on information and belief, a resident of Puerto Rico. Ms. Morrison's last known address is Bahía Plaza, Ave. Muños Rivera #25, Apt. 902, San Juan, Puerto Rico 00901.

## III.    JURISDICTION AND VENUE

4.      The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because all defendants are residents of Puerto Rico. In the alternative, venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

2

## IV.    THE FACTS

6.    Ms. Morrison is the mother of Gary McNelley, a codefendant in the California Action who was found to be the alter ego of PCH, a limited liability company organized under the laws of the State of California. Ms. Morrison claims to be the president and owner of Rapid Media, a limited liability company organized under the laws of the Commonwealth of Puerto Rico, which was held in the California Action to also be an alter ego of PCH.

7.    Ms. Lugo Vega is the mother of Leslie McNelley, another codefendant in the California Action who was found to be the alter ego of PCH.

8.    Ms. Morrison and Ms. Lugo Vega are, or were, the settlors and/or co-trustees of the 29917 PCH Trust, which purports to be the owner of PCH. Ms. Lugo Vega would often sign documents on behalf of PCH and, at times, on behalf of Rapid Media.

9.    PCH is a shell company with little or no assets, which is used by Gary McNelley to hide his assets and avoid paying his creditors. In turn, Leslie McNelley, Ms. Morrison and Ms. Lugo Vega are all facilitators and coparticipants in Gary McNelley's schemes involving the abuse of the corporate form. Plaintiffs are one of many victims of said schemes.

10.    Specifically, and as alleged in the Complaint that initiated the California Action, on or about April 18, 2020, Plaintiffs and PCH entered into a lease (the "Lease"), which provided for a one-year term commencing on May 1, 2020. In accordance with the Lease terms, Plaintiffs paid the California Action defendants a $20,000 security deposit plus monthly rent of $100,000 (for a total of $1,220,000 in rent and security deposit paid for the one-year term of the Lease). The leased

3

property (the "Property") was a fully furnished luxury home on the Malibu Coast overlooking the Pacific Ocean.

11.     Prior to the execution of the Lease, the California Action defendants knew that every spring and summer, hundreds of seagulls flock to the Property and spend all day, every day, in the Property's swimming pool and surrounding area (the "Annual Seagull Flock"). This results in substantial contamination of the pool and the surrounding area with disgusting bird droppings and stray feathers. This, combined with the seagulls' actual occupation of the swimming pool and surrounding area, makes the pool and surrounding area totally unusable, as well as a health hazard.

12.     Even though the California Action defendants knew about the Annual Seagull Flock and that Plaintiffs were not privy to nor had any reason to suspect the existence of the Annual Seagull Flock, the California Action defendants intentionally failed to disclose the existence of the Annual Seagull Flock in order to induce Plaintiffs to enter into the Lease, which they would not have otherwise agreed to had they known about the Annual Seagull Flock.

13.     As a result of the intentional failure to disclose the existence of the Annual Seagull Flock to Plaintiffs, Plaintiffs entered the Lease and suffered damages as a result. Moreover, PCH and Rapid Media's breaches of the Lease, as well as their wrongful withholding of Plaintiffs' security deposit, caused them further damage.

14.      After discovery and trial, the court held, *inter alia*, that Gary McNelley, Leslie McNelley and Rapid Media are all alter egos of PCH, and issued Judgment in Plaintiffs' favor, holding all four liable for the Judgment Award. *See* **Exhibit 1**.

15.     Through this action, Plaintiffs seek to hold Defendants, to wit, Ms. Lugo Vega and Ms. Morrison jointly liable for the Judgment Award, as they too are alter egos of Rapid Media and PCH and are responsible, in part, for the damage suffered by Plaintiffs.

4

16.     Ms. Lugo Vega signed the Lease on PCH's behalf. Even though Ms. Lugo Vega knew about the Annual Seagull Flock, she did not disclose this fact to the Plaintiffs.

17.     The Lease required that all payments be made to Rapid Media, a limited liability company organized in accordance with the laws of the Commonwealth of Puerto Rico.

18.     Upon information and belief, all the funds that Rapid Media received under the Lease, as well as any other assets and accounts that Rapid Media may have had, were used for the sole, personal benefit of Gary McNelley, Leslie McNelley, Ms. Morrison and/or Ms. Lugo Vega.

19.     For example, the money received by Rapid Media was used to pay off millions of dollars that Gary McNelley personally owed to his friends and family, including his mother, Ms. Morrison.

20.     Upon information and belief, PCH's assets were used for the sole benefit of Gary McNelley, Leslie McNelley, Ms. Morrison and/or Ms. Lugo Vega.

21.     Upon information and belief, Rapid Media and PCH's assets were intermingled with Gary McNelley, Leslie McNelley, Ms. Morrison and Ms. Lugo Vega's personal assets.

22.     Upon information and belief, Ms. Morrison and Ms. Lugo Vega exercised absolute control over PCH and Rapid Media's corporate matters, and even though PCH is a limited liability company organized under the laws of California, and Rapid Media is a limited liability company organized under the laws of the Commonwealth of Puerto Rico, neither of these entities ever had any members.

23.     Upon information and belief, Ms. Morrison and Ms. Lugo Vega had complete control over PCH and Rapid Media's assets and had unrestricted access to the same. It is further alleged that Defendants would use these assets for their personal benefit, and for the benefit of their children, Gary McNelley and Leslie McNelley.

24.     Upon information and belief, Ms. Morrison and Ms. Lugo Vega did not maintain adequate corporate records for PCH or Rapid Media, did not observe any of the formalities that California and/or Puerto Rico law expects from limited liability companies, and never managed PCH or Rapid Media as if they were entities that are truly separate and distinct from themselves.

25.     As of the date of this filing, there have been no credits to the Judgment Award, which exceeds $75,000.

## V.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: ACTION ON THE JUDGMENT

26.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs 1 through 25, as if fully set forth herein.

27.     Pursuant to California law, a judgment creditor, such as Plaintiffs, "may file an independent action on the judgment, alleging that the proposed judgment debtor was an alter ego of an original judgment debtor". Highland Springs Conference & Training Center v. City of Banning, 244 Cal.Rptr.3d 226, 288 (2016); see also, Cal. Civ. Pro. Code § 683.050 ("[n]othing in this chapter limits any right the judgment creditor may have to bring an action on a judgment").

28.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants Ms. Morrison and Ms. Lugo Vega and PCH and Rapid Media, such that any individuality and separateness between Defendants and PCH and Rapid Media has ceased, and PCH and Rapid Media are the alter egos of Ms. Morrison and Ms. Lugo Vega.

29.     PCH and Rapid Media are, and all times herein mentioned were, mere shells without capital, assets, stock, or bona fide members. PCH and Rapid Media were conceived, intended, and used by Defendants, alongside Gary McNelley and Leslie McNelley, as a device to

6

avoid individual liability and for the purpose of substituting financial insolvent entities in the place of Defendants and their children.

30.     Adherence to the fiction of the separate existence of PCH and Rapid Media as an entity distinct from Defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice, thereby producing an inequitable result.

31.     The Judgment Award has not been vacated, modified, stayed, or set aside.

32.     The Judgment Award, totaling $484,868.89, is now due, owing and unpaid, together with interest at the rate of ten percent per annum from February 10, 2025.

33.     Wherefore, Plaintiffs respectfully request this Honorable Court to enter judgment against Ms. Morrison and Ms. Lugo Vega, holding that they are alter egos of PCH and Rapid Media, and therefore are jointly liable for the Judgment Award.

## SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

34.     Plaintiffs incorporate Plaintiffs incorporate by reference the allegations in the preceding paragraphs 1 through 33, as if fully set forth herein.

35.     The Declaratory Judgment Act permits courts to "[i]n a case of actual controversy within its jurisdiction … declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C § 2201. An "actual controversy" in this context "involves a substantial controversy of sufficient immediacy between parties holding adverse legal interests." Hickman v. Pruco Life Insurance Company, 2024 WL 2262792 at *6 (D. Mass. May 17, 2024).

36.     A controversy exists between the parties as to whether Ms. Morrison and Ms. Lugo Vega are alter egos of PCH and Rapid Media.

37.     The aforementioned controversy involves this jurisdiction as Rapid Media, which was already found by the state courts of California in the California Action to be an alter ego of PCH, is a limited liability company organized under the laws of Puerto Rico. Therefore, this matter involves determining whether Ms. Lugo Vega and Ms. Morrison have abused the corporate form, as contemplated by Puerto Rico law.

38.     Here, the interests and properties of PCH and Rapid Media are identical to those of the Defendants and their children, Gary McNelley and Leslie McNelley. Moreover, adherence to the fiction of PCH and Rapid Media's separate personality would defeat the public policy underlying Puerto Rico's General Corporations Act, P.R. Laws Ann. tit. 14, §§ 3501, *et seq*., by sanctioning the use of the corporate entity as a means of defrauding Defendants' creditors and promoting an injustice.

**WHEREFORE**, Plaintiffs respectfully request a judgment from this Honorable Court declaring that Esther Janet Morrison and Lilliam Lugo Vega are alter-egos of PCH Dream Home, LLC and Rapid Media and Holdings, LLC, and thus jointly liable for the Judgment Award. Plaintiffs further request that Defendants be taxed with all costs, expenses and attorney's fees.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of July, 2025.

**McCONNELL VALDÉS LLC**.
270 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel. (787) 250-5638
Fax. (787) 759-8282

*s/Brian K. Tester*
Brian K. Tester
USDC-PR No. 207911
bkt@mcvpr.com

*s/Javier A. Aquino-Vidal*
Javier A. Aquino-Vidal
USDC-PR No. 308414
jav@mcvpr.com
